UNITED STATES of America, Appellee,

v.

A.W.J. (juvenile), Appellant.

No. 86–5274.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1986.

Decided Nov. 4, 1986.

See also, D.C., 639 F.Supp. 1558.

Scott Tilsen, Minneapolis, Minn., for appellant.

John Hopeman, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and FAGG and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

This appeal seeks to overturn the order of the District Court transferring a seventeen-year-old male for criminal prosecution as an adult as authorized by 18 U.S.C. § 5032. Appellant is charged with first-degree murder and assault. He is an enrolled member of the Red Lake Band of Chippewa Indians, and the crimes charged took place on the Red Lake Indian Reservation. Thus the case is in federal court. *See* 18 U.S.C. § 1153.

■ Initially, the government argues that this Court lacks jurisdiction under 28 U.S.C. § 1291 because the order appealed from is not a final decision. We are inclined to agree with the Eleventh Circuit, however, that orders transferring juveniles for adult prosecution are appealable under the collateral order exception of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See United States v. C.G.*, 736 F.2d 1474, 1476–77 (11th Cir.1984).[1] As the Supreme Court has explained:

> To come within the "small class" of decisions excepted from the final-judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.

---

1. We note that the Ninth Circuit also has found jurisdiction to conduct pre-trial review of the transfer of a juvenile for criminal prosecution as an adult, without relying, however, upon the collateral order exception to the final-judgment rule. *See People of the Territory of Guam v. Kingsbury*, 649 F.2d 740 (9th Cir.1981), *cert. denied*, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 210 (1981) (jurisdiction based upon interpretation of relevant Guam statutes).

*Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (footnote omitted).

Here there is not any real dispute concerning the first two requirements. The District Court has conclusively determined that appellant is to be tried as an adult. That determination is completely separate from the merits of the criminal charges that appellant faces. The government, however, contends that because the order in question is appealable after trial, it does not satisfy the third requirement. We think the issue is a close one, but ultimately we are persuaded that "the rights asserted would be lost, probably irreparably, if review were delayed until the conclusion of proceedings in the district court." *In re General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106, 1119 (7th Cir.1979), *cert. denied,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). If appellant is prosecuted as an adult, he will lose irretrievably certain statutory protections afforded to juvenile offenders, *see* 18 U.S.C. § 5038, even if he is acquitted of the offenses charged. In addition, if convicted and sentenced to prison, he would face the distinct possibility of incarceration in an adult penal institution during the pendency of his appeal, since under the Bail Reform Act of 1984 it is no easy matter to obtain bail pending appeal. *See* 18 U.S.C. 3143(b); *U.S. v. Powell,* 761 F.2d 1227 (8th Cir.1985) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986); *U.S. v. Jacob,* 767 F.2d 505 (8th Cir.1985). We conclude that the order we now are asked to review, although reviewable after trial, would not be effectively reviewable at that point, and thus we hold that the order is appealable under the collateral order doctrine.

■ Having concluded that we have jurisdiction, we turn to the merits of the appeal. Appellant argues that the District Court abused its discretion in ordering him to be tried as an adult. We disagree. As required by 18 U.S.C. § 5032, the court considered and made written findings as to six specific factors: (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the extent and nature of his prior delinquency record; (4) his present intellectual development and psychological maturity; (5) past treatment efforts and the juvenile's response; and (6) the availability of programs to treat his behavioral problems. On the basis of its findings and its weighing of those statutory factors, the court concluded that appellant's transfer for adult prosecution would be "in the interest of justice" within the meaning of § 5032. The court indicated that it was particularly influenced by the heinous nature of the offense, appellant's history of resistance to counselling efforts and defiance of authority, and the slight prospects of rehabilitation before age twenty-one, when, if proceeded against as a juvenile, appellant would be released, rehabilitated or not.

None of the District Court's factual findings is clearly erroneous, *see* Fed.R.Civ.P. 52(a), and we are satisfied that in ordering appellant's transfer for adult prosecution the court did not abuse its discretion. Accordingly, the order of the District Court is affirmed.