UNITED STATES of America, Plaintiff–Appellee,

v.

GERALD N., Juvenile, Defendant–Appellant.

No. 89–10122.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 17, 1989.

Decided April 3, 1990.

Deborah Cole–Williams, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Stanley L. Patchell, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before WIGGINS and KOZINSKI, Circuit Judges, and BYRNE *, District Judge.

PER CURIAM:

Appellant Gerald N. was charged as a juvenile with one count of assault with intent to commit rape and one count of assault with a deadly weapon with intent to do bodily harm. Appellant pleaded not guilty to both counts and a trial date was set. The government then filed a motion to proceed against a juvenile as an adult, as provided for in 18 U.S.C. § 5032 (Supp. V 1987). The district judge granted the government's motion and this interlocutory appeal followed.

Before proceeding to the merits we must consider whether orders transferring juveniles for adult prosecution are immediately appealable under the collateral order exception of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "To fall within the limited class of final collateral orders, an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Midland Asphalt Corp. v. United States*, —— U.S. ——, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (quoting *Coo-*

pers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). The first two factors of the *Coopers & Lybrand* test are easily satisfied here. The district court's order transferring Appellant for adult prosecution conclusively resolves the issue of whether he can be rehabilitated in the juvenile system. At the same time, the issue of rehabilitation is quite separate from Appellant's guilt or innocence in committing the alleged crime. Whether the order is immediately appealable, therefore, turns on whether the order is "effectively unreviewable on appeal from a final judgment." *Id.*

During this past term the Supreme Court emphasized that the "third prong of the *Coopers & Lybrand* test is satisfied only where the order at issue involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Id.* 109 S.Ct. at 1498 (quoting *United States v. MacDonald*, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978)). After careful consideration, we conclude—as have our fellow courts of appeals that have considered the issue—that the legal and practical value of the right to be tried as a juvenile would be destroyed without the concomitant right of immediate appeal. *See United States v. A.W.J.*, 804 F.2d 492, 492–93 (8th Cir.1986); *United States v. C.G.*, 736 F.2d 1474, 1476–77 (11th Cir. 1984); *cf. People of the Territory of Guam v. Kingsbury*, 649 F.2d 740, 743 (9th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 210 (1981) (pretrial appellate review of an order that a juvenile be tried as an adult allowed under relevant Guam statute). The sealing of records and the withholding of name and picture from news media are examples of rights granted to juveniles by 18 U.S.C. § 5038 (Supp. IV 1986) that would be "irretrievably lost unless the juvenile is permitted to appeal the district court's order before conviction" as an adult. *C.G.*, 736 F.2d at 1477; *accord A.W.J.*, 804 F.2d at 493. "In addition, if

---

* Hon. William Matthew Byrne, Jr., United States District Judge, for the Central District of California, sitting by designation.

convicted and sentenced to prison, [the juvenile] would face the distinct possibility of incarceration in an adult penal institution during the pendency of his appeal, since under the Bail Reform Act of 1984 it is no easy matter to obtain bail pending appeal." *Id.* (citing 18 U.S.C. § 3143(b) (Supp. IV 1986)). Because these important rights must be vindicated before trial or are otherwise lost forever, we conclude that we have jurisdiction to consider the merits of this appeal under 28 U.S.C. § 1291 (1982).

■ "[T]he decision to transfer a juvenile to adult status is within the sound discretion of the district judge," *United States v. Alexander,* 695 F.2d 398, 400 (9th Cir.1982), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1337 (1983), as long as the district judge considers and makes specific findings as to the following six factors: "(1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the prior record of the offender; (4) the juvenile's intellectual development and psychological maturity; (5) the nature of and response to past treatment; and (6) the availability of programs designed to treat the juvenile's problems." *Id.* at 399–400. The district judge must then balance these factors in an effort to predict "the possibility of rehabilitation if in fact the juvenile is found guilty of the crime alleged." *Id.* at 401.

■ The district judge here made specific findings that Appellant was seventeen years and ten months of age at the time the offense was alleged to have been committed and that his social background was one of a low to moderate education with certain problems associated with alcohol and drug abuse; that the nature of the offense—a potentially lethal assault of an eighty-year-old blind woman—was very serious; that according to Appellant's tribal arrest record he had an extensive six-year history of delinquency; that according to an examination of a certified psychologist there was insufficient reason to conclude that Appellant was either incompetent or unable to understand the proceedings brought against him and further that he was intellectually mature; that there was insufficient basis to conclude one way or the other that Appellant had been exposed to past treatment efforts and that he had failed to respond; and that because of a change in the Youth Corrections Act there were better rehabilitative programs available for adults than juveniles in the State of Arizona. None of these factual determinations is clearly erroneous, notwithstanding Appellant's assertion that the evidence is insufficient because the government's only witness had no personal knowledge of Appellant's past behavior. Each of the district judge's findings is fully supported either by the witness's testimony or by exhibits properly admitted into evidence.

Appellant argues alternatively that the district judge abused his discretion in the ultimate determination to transfer to adult status because of the lack of evidence of past treatment efforts and further because there was no effort made to ascertain the availability of programs with the California Youth Authority. We considered and rejected similar arguments in *Alexander* in which the district judge there had found all but two of the factors either neutral or cutting both ways. We stated in *Alexander* that it was not "an abuse of discretion to find one factor more compelling than the others." *Id.* at 401. Here, the district judge found all but the fifth factor cutting against Appellant. As to that factor the district judge concluded that the absence of evidence of past treatment neither favored nor disfavored Appellant. Since the district judge believed that there was a better chance of rehabilitation in the adult programs, he concluded that it was best to transfer Appellant to an adult status. We do not believe that the district judge abused his discretion in predicting that there was little possibility of rehabilitation within the juvenile system.

AFFIRMED.