946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
F.A. DOE, a minor, Defendant-Appellant.
 No. 91-50292.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Oct. 15, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 F.A. Doe appeals from the district court's grant of the government's motion to transfer him for trial as an adult, arguing that the district court violated his right to due process by discriminating against him on the basis of his Colombian nationality. He has also moved for a stay of his upcoming trial pending the outcome of this appeal. We affirm the district court and deny the motion for stay.
 
 
 3
 A decision to transfer made pursuant to 18 U.S.C. § 5032 falls within the discretion of the district court and is immediately appealable under the collateral order exception to the finality requirement of 28 U.S.C. § 1291. United States v. Gerald N., 900 F.2d 189, 191 (9th Cir.1990) (per curiam). The district court's exercise of this discretion is governed by the consideration of six factors: (1) the juvenile's age and social background, (2) the nature of the crime charged, (3) the nature and extent of the juvenile's prior delinquency record, (4) the juvenile's intellectual development and psychological maturity, (5) the juvenile's past treatment and response thereto, and (6) the availability of programs designed to treat the juvenile's behavioral problems. 18 U.S.C. § 5032; Gerald N., 900 F.2d at 191; United States v. Alexander, 695 F.2d 398, 399-400 (9th Cir.1982), cert. denied, 462 U.S. 1108 (1983).
 
 
 4
 With respect to the first factor, the district court found that Doe's age and social background cut in favor of treating him as an adult. Doe was just four months shy of his eighteenth birthday at the time of his arrest for the instant offense; he had dropped out of school two years earlier and had no apparent gainful employment; he was a member of a major cocaine trafficking organization who had apparently risen through the ranks sufficiently to be entrusted with the protection or transportation of more than a half-ton of cocaine. We find no error in the district court's findings on this point.
 
 
 5
 The district court noted--and Doe concedes--that the second factor weighed "overwhelmingly" in favor of transfer. We agree that his connection with 510 kilograms of cocaine at the time of his arrest cannot be viewed any other way.
 
 
 6
 As for the third factor, the district court stated that "[Doe's] lack of a prior juvenile record cuts against a transfer", but also noted that his arrest in August 1988 in connection with another cocaine trafficking offense "cuts in favor of a transfer." We agree that these considerations cut neither one way nor the other.
 
 
 7
 With respect to Doe's intellectual development and psychological maturity, the court found that Doe "appears to be non-academically but intellectually developed beyond his years." His countersurveillance techniques, his use of false identification, his lying to authorities at the time of his arrest, when coupled with the fact that he had been entrusted with more than a half-ton of cocaine, indicates a degree of sophistication well beyond that of most juveniles.
 
 
 8
 Turning to the fifth factor, viz., the juvenile's past treatment and response thereto, the district court found that "no track record" existed for such a determination. The court also noted, however, that Doe's arrest in August 1988 and subsequent release to his mother "obviously made no lasting impression on him because he became (or continued to be) deeply involved in a large-scale cocaine trafficking operation."
 
 
 9
 Finally, the district court declared, with respect to the sixth factor, that
 
 
 10
 [t]he availability of juvenile rehabilitation programs, in light of [Doe's] rejection of educational opportunities in the past and the nature of [his] offense, might cut marginally in favor of [the parties agree this should read, "against"] a transfer if [he] were an American citizen or permanent resident alien who had an incentive to adapt to our rules and laws, but as an illegal alien facing deportation after he has completed whatever sentence he might receive, this factor cuts in favor of transfer.
 
 
 11
 In light of our holding in United States v. Borrero-Isaza, 887 F.2d 1349, 1355 (9th Cir.1989) (per curiam), we conclude that the district court should not have considered Doe's status as an illegal alien. Nevertheless, in light of our agreement with the district court's rulings as to the other five factors, including one that weighed "overwhelmingly" in favor of transfer, we hold that the district court did not abuse its discretion in granting the motion for transfer. Accordingly, the motion for stay must be, and is hereby, DENIED.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3