24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
LANNY B., Defendant-Appellant.
 No. 93-30202.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 4, 1994.
Decided April 20, 1994.
As Amended to include special concurrence of Judge Tang
May 11, 1994.
 
 Before: WRIGHT, TANG and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 At age 16, Lanny B. allegedly committed first degree murder and assault resulting in serious bodily injury.[1] The United States charged him with two counts of juvenile delinquency under 18 U.S.C. Sec. 5031 et seq., and moved to transfer him from juvenile to adult status according to 18 U.S.C. Sec. 5032. The district court granted the motion. Lanny B. appeals and we affirm.
 
 
 3
 Orders transferring juveniles to the adult court system are immediately appealable. United States v. Gerald N., 900 F.2d 189, 190-91 (9th Cir.1990); 18 U.S.C. Sec. 1291. We review the transfer order for abuse of discretion. Gerald N., 900 F.2d at 191.
 
 
 4
 The district court must consider six factors to determine whether transfer would be in the "interest of justice." 18 U.S.C. Sec. 5032. Critical to the determination is the possibility of rehabilitation in the juvenile system. Gerald N., 900 F.2d at 191. The six factors are:
 
 
 5
 (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the prior record of the offender; (4) the juvenile's intellectual development and psychological maturity; (5) the nature of and response to past treatment; and (6) the availability of programs designed to treat the juvenile's problems.
 
 
 6
 United States v. Alexander, 695 F.2d 398, 399-400 (9th Cir.1982), cert. denied, 462 U.S. 1108 (1983); 18 U.S.C. Sec. 5032.
 
 
 7
 A district court may find one factor more compelling than another. Alexander, 695 F.2d at 401. It may presume the defendant committed the offenses charged in the information. United States v. Doe, 871 F.2d 1248, 1250 n. 1 (5th Cir.), cert. denied, 493 U.S. 917 (1989). It must strike a balance "somewhere and somehow between providing a rehabilitative environment for young offenders as well as protecting society from violent and dangerous individuals and providing sanctions for anti-social acts." Alexander, 695 F.2d at 401 (quoting United States v. E.K., 471 F.Supp. 924, 932 (D.Ore.1979)).
 
 
 8
 The district court in the present case made detailed findings for each factor. It concluded that
 
 
 9
 it is not realistic to expect that placement in the juvenile justice rehabilitation system would result in Lanny [B.'s] rehabilitation by his twenty-first birthday.... A waiver into the adult court system and, if convicted, a longer term placement in a facility designed to work with young adults would be more beneficial to the needs of Lanny [B]. and to those of society at large.
 
 
 10
 Lanny B. argues that the court placed undue emphasis on his violation of pretrial release conditions. At the transfer hearing the judge said the violations showed he couldn't handle the terms of release. The written order briefly described the violations as demonstrating how little control Lanny B.'s grandmother had over him. These minor references do not indicate inappropriate reliance.
 
 
 11
 Lanny B. also argues that the only factor supporting transfer is the seriousness of the charged crimes, and that the other factors are either neutral or weigh against transfer. But his poor home life, his lengthy juvenile record, his limited intellectual development, and his psychological maturity could weigh against the likelihood of achieving rehabilitation. And it is not an abuse of discretion to give greater weight to the seriousness of the crime, than to the other factors. Alexander, 695 F.2d at 400-01; United States v. Hemmer, 729 F.2d 10, 18 (1st Cir.) ("[i]n light of the gravity of the crime involved, [armed bank robbery and conspiracy to rob a bank,] weighed against the other five section 5032 factors, we cannot say that the district court struck the balance improperly."), cert. denied, 467 U.S. 1218 (1984).
 
 
 12
 Lanny B. insists that the district court did not give sufficient weight to the testimony of George Hossack, Ph.D. But Hossack did not examine Lanny B., as did the government-contracted psychologist. And Hossack tempered his conclusion that juvenile rehabilitation would be worth a try with several conditions. He said Lanny B.'s treatment would have to be robust and confrontive enough, that he would have to be "loved and cared for in the right way," and that he would have to find a mentor. He also said
 
 
 13
 I don't think that Lanny, unless he sets his mind to doing something and forsakes all the other ideas, gets treatment for his alcohol abuse, drug abuse and decides to author--reauthor another life, a lifestyle, he's going to be a repeat offender, no matter what.
 
 
 14
 The district court's conclusion that transfer to adult status would be most beneficial to "the needs of Lanny [B.] and to those of society at large" was not an abuse of discretion. The court made the necessary findings, and reasonably balanced the relevant factors.
 
 
 15
 AFFIRMED.
 
 
 16
 TANG, Senior Circuit Judge, specially concurring:
 
 I concur reluctantly
 
 17
 Psychological evaluation indicates that with the proper intervention, treatment, and care, Lanny B. is amenable to rehabilitation. Yet he has never received such treatment even for alcohol or drug abuse. However, the district court was not clearly erroneous in concluding that the resources of the juvenile justice system cannot realistically accomplish Lanny B.'s rehabilitation by his twenty-first birthday, a scant three years hence. The district court's order of transfer is thus not an abuse of discretion.
 
 
 18
 The adult justice system, however, offers only long term incarceration under a probable life sentence. One human life has already been lost to homicide. For lack of rehabilitative services, a second may now also soon be sacrificed. This case is a sad commentary on our justice system.
 
 REINHARDT, Circuit Judge, dissenting:
 
 19
 If there is no reasonable alternative to treating Lanny B. as an adult offender, this case provides not just a sad but a damning commentary on our judicial system. The defendant, a young Native American raised by an elderly grandmother, fell under the influence of alcohol at an early age and committed a most serious offense. Instead of attempting rehabilitation or making any other effort to afford him an opportunity to become a worthwhile person, we refer him to a trial as an adult for an offense for which the guidelines provide a lifetime sentence. Thus, we give up completely on a young individual who had little or no chance from the start. While I am not optimistic about our approach to rehabilitation, I think this is one case in which decency requires that it be tried.
 
 
 20
 Were we to remand, the defendant, now being 18 years of age, could be committed for a period of approximately five years. Admittedly, it is quite possible that the juvenile system would not be able to give him what he so desperately needs. However, in this case, although it would be worth the try, we will never know. We choose, instead simply to add to the system one more long-term prisoner who now will never become a productive member of society.
 
 
 21
 There is no question that the district judge, a fair-minded person, did what he thought he was required to do. Nevertheless, I think that in this instance his decision is sufficiently far off the mark that we may properly deem it an abuse of discretion. I would hope that before the transfer order is actually implemented, the district court will reconsider its decision. If it does so, it should note that Judge Tang's reluctant concurrence is based in part on the fact that at the time the matter was initially before the district court, only three years of detention was permissible. Because the defendant is now eighteen, the peculiarities of the juvenile delinquency provisions of the Criminal Code permit detention to continue for a period of five years. With this change in circumstances, perhaps the district judge will see fit to give the defendant the only real opportunity the law provides.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 B. was born on 12/19/75. He is now 18