59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Alberto SALAZAR, Defendant-Appellant.
 Nos. 94-10451, 94-10452.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1995.
Decided June 26, 1995.
 
 Before: SCHROEDER, BEEZER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal from an order transferring a juvenile to adult status for prosecution for first degree murder. The appellant also challenges the district court's denial of his motion to dismiss based upon violations of speedy trial rights under the Federal Juvenile Delinquency Act, 18 U.S.C. Sec. 5036 ("FJDA"), and under the Sixth Amendment. This is the second time the transfer has been before the court. In the prior appeal, we vacated the first transfer order because the government acknowledged that it had not satisfied the jurisdictional requirement of filing the juvenile record with the court. United States v. Salazar, No. 93-10715 (9th Cir. June 14, 1994).
 
 Transfer
 
 3
 Under the FJDA, a district court must condition a discretionary transfer on a finding, "after hearing, [that] such transfer would be in the interest[s] of justice." 18 U.S.C. Sec. 5032. This decision is fact-intensive and committed to the "sound discretion of the district judge." United States v. Gerald N., 900 F.2d 189, 191 (9th Cir. 1990) (quoting United States v. Alexander, 695 F.2d 398, 400 (9th Cir. 1982), cert. denied, 462 U.S. 1108 (1983)). To guide the court's decision, Congress has enumerated six factors the court must balance:
 
 
 4
 the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; [and 6] the availability of programs designed to treat the juvenile's behavioral problems.
 
 
 5
 18 U.S.C. Sec. 5032. While the court must consider and make express findings in the record "with regard to each factor," id., it is not "an abuse of discretion to find one factor more compelling than the others." Gerald N., 900 F.2d at 191 (quoting Alexander, 695 F.2d at 400).
 
 
 6
 At the second transfer hearing, the district court incorporated by reference its findings in the first hearing and made additional findings. It took into consideration Doe's age and social background, noting his age (17 and three quarters at the time the crime was committed), his current residence and his dysfunctional family background. In the first hearing, the court considered the juvenile's prior delinquency record, which included a "prior gunshot episode" and other assaultive incidents, and characterized his record as "rather extensive." The district court considered the juvenile's present intellectual development and maturity, noting in the first hearing that he had psychological immaturity. The court did not find that these factors favored transfer.
 
 
 7
 As to the fifth and sixth factors, the district court acknowledged the evidence that Doe had gone to the best available treatment center for Native American youth and had reportedly done well there. The district court did not expressly comment upon the predictions of several witnesses that the juvenile would do well if returned to that facility. The district court was clearly concerned, however, that having received the best treatment available, the juvenile nevertheless still abused substances and carried loaded firearms. The court concluded, given the present state of the record as to success of past treatment, the unavailability of any better programs and the fact that the nature of the alleged offense involved irresponsible use of a weapon Doe knew was loaded, the second, fifth and sixth factors favored transfer. In the two hearings, the court below made record findings with sufficient specificity to permit meaningful review by this court and we conclude the district court did not abuse its discretion in ordering the transfer.
 
 Speedy Trial
 
 8
 The juvenile also attempts to appeal on an interlocutory basis from the district court's denial of his motion to dismiss for violation of speedy trial rights. In the adult context, such an order is not interlocutorily appealable under either the Sixth Amendment or the Speedy Trial Act, 18 U.S.C. Secs. 3161 et seq. United States v. MacDonald, 435 U.S. 850, 857 (1978) (Sixth Amendment); United States v. Mehrmanesh, 652 F.2d 766, 768-70 (9th Cir. 1981) (Speedy Trial Act). We discern no compelling reason to distinguish those cases from one that arises in the juvenile context.
 
 
 9
 The juvenile suggests that he fears loss of appeal rights on the speedy trial issue after he is tried as an adult. The government has acknowledged that he can appeal under 18 U.S.C. Sec. 5036 after the adult trial, and has urged this court to deny jurisdiction at this stage for that very reason. The juvenile can raise his speedy trial rights when and if he appeals from a conviction.
 
 
 10
 The district court's transfer order is AFFIRMED and the appeal from the denial of the motion to dismiss is DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3