78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philbert M., a Juvenile, Defendant-Appellant.
 No. 95-10166.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1996.
Decided March 4, 1996.
 
 Before: REINHARDT, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. Orders transferring juveniles for adult prosecution are immediately appealable. United States v. Gerald N., 900 F.2d 189, 191 (9th Cir.1990). We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 "A decision to transfer a juvenile to adult status is a prediction of the possibility of rehabilitation if in fact the juvenile is found guilty of the crime alleged." United States v. Alexander, 695 F.2d 398, 401 (9th Cir.1982), cert. denied, 462 U.S. 1108 (1983). In making this decision, the district court must determine whether transferring the juvenile to adult status would be in the "interest of justice" by considering and making findings with respect to six factors. Id. at 399. The six factors Congress has directed the district court to consider are: (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the prior record of the offender; (4) the juvenile's intellectual development and psychological maturity; (5) the nature of and response to past treatment; and (6) the availability of programs designed to treat the juvenile's problems.[1] Id.
 
 
 4
 This court reviews the district court's factual determinations for clear error and reviews the district court's ultimate determination to transfer to adult status for abuse of discretion. Gerald N., 900 F.2d at 191.
 
 
 5
 The district court considered and made findings as to each of the six factors set forth in 18 U.S.C. § 5032. Each of the district court's findings were "fully supported either by the witness's testimony or by exhibits properly admitted into evidence." Id. Having considered the six statutory factors, the district court concluded that Philbert M.'s transfer would be in the interest of justice because "it does not appear that appropriate safeguards are available to protect society from [his] aggressive conduct" and "in view of [his] age it does not appear that there is sufficient time for effective participation and rehabilitation in any program before the juvenile's court ordered commitment would terminate as a matter of law."
 
 
 6
 Appellant argues that the district judge abused his discretion because it was improper for him to consider whether "appropriate safeguards are available to protect society from the juvenile's aggressive conduct." Our decision in Alexander approves of a district court's reliance on this consideration. Id. at 401. Accordingly, the district court did not abuse its discretion in this respect.
 
 
 7
 Appellant also argues that all six probability of rehabilitation factors weighed against a transfer to adult status. The district court found that the first and second factors, the juvenile's age and the "remarkably brutal" nature of the alleged offense, weighed in favor of transferring the juvenile to adult status and that the other four factors were either neutral or cut both ways.
 
 
 8
 Having made the proper findings, the district court did not abuse its discretion in deciding to transfer appellant for adult prosecution. See Alexander, 695 F.2d at 401 (holding that district court's emphasis on the second factor, "the nature of the alleged offense," did not constitute an abuse of discretion where judge's findings indicated that he "believed all of the factors except two were either neutral or cut both ways").
 
 
 9
 AFFIRMED.
 
 
 10
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 [1]
 The pertinent portion of 18 U.S.C. § 5032 reads: Evidence of the following factors shall be considered, and findings with regard to each factor shall be made in the record, in assessing whether a transfer would be in the interest of justice: the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems