United States Court of Appeals

FOR THE EIGHTH CIRCUIT

No. 96-2485WA

United States of America,   *
                          *
     Plaintiff/Appellee,   *   Appeal from the United States
                          *   District Court for the
                          *   Western District of Arkansas.
                          *
A.D.J., a minor,        *
                          *
     Defendant/Appellant.  *

Submitted: February 10, 1997

Filed: March 10, 1997

Before RICHARD S. ARNOLD, Chief Judge, HANSEN, Circuit Judge, and
BATTEY,[*] Chief District Judge.

BATTEY, Chief District Judge.

    Juvenile male A.D.J. appeals the district court's[2] order
transferring him from juvenile to adult court for the purpose of
criminal prosecution. A.D.J. was charged with an act of juvenile
delinquency in violation of 18 U.S.C. § 5032. The information
charges that he and three other males aided and abetted each other
in an assault of a person having lawful charge, custody, and
control of mail matter and other property of the United States with

---

    [*]The Honorable Richard H. Battey, Chief United States
District Judge for the District of South Dakota, sitting by
designation.

    [2]The Honorable Harry F. Barnes, United States District
Judge, Western District of Arkansas.

intent to rob, steal, and purloin such mail matter (18 U.S.C.

§ 2114) and use of a firearm during and in relation to the assault and robbery (18 U.S.C. § 924(c)).

This court has jurisdiction. Under the collateral order exception, orders transferring juveniles for adult prosecution are appealable. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949), cited in United States v. A.W.J., 804 F.2d 492 (8th Cir. 1986)

The crimes were alleged to have been committed on March 14, 1996. On April 4, 1996, the United States Attorney for the Western District of Arkansas, acting pursuant to his delegated authority under 28 C.F.R. § 0.57, filed a certification pursuant to the Federal Juvenile Delinquency Act (18 U.S.C. § 5032) requesting that A.D.J. be transferred to the district court for trial as an adult rather than be surrendered to the appropriate legal authority of the state of Arkansas.

On April 11, 1996, the district court held an evidentiary hearing on the government's motion. At the conclusion of this hearing, the court issued its order transferring A.D.J. to the district court for adult prosecution.

A transfer of juveniles to adult court is governed by 18 U.S.C. § 5032. The statute provides in part that, "Evidence of the following factors shall be considered, and findings with regard to each factor shall be made in the record . . . ." The statute requires the district court to consider six specific factors:

1. The age and social background of the juvenile;
2. The nature of the alleged offense;
3. The extent and nature of the juvenile's prior delinquency record;

3

4. The juvenile's present intellectual development and psychological maturity;

5. The nature of past treatment efforts and the juvenile's response to such efforts; and

6. The availability of programs designed to treat the juvenile behavioral problems.

This court reviewed the transcript of the April 11 hearing before the district court. In the consideration of these six factors, the district court concluded that a transfer for adult prosecution would be "in the interest of justice" within the meaning of section 5032. The court found that A.D.J. was 16 years old (soon to be 17) at the time of the commission of the alleged offense; that his mother works during the day and the only adult presence in the home is a grandmother; that the mother is concerned about her son and sought counseling when she felt at one time that his life was turning the wrong way; that the offense was a crime of violence involving the use of a firearm which carried with it the potential harm to the life of the victim and indeed caused the victim's shock and trauma; that although A.D.J. had no criminal record, he had been involved in previous criminal activity and antisocial conduct. One previous incident involved the mother, another a stolen car, and still others involved suspension from school and disorderly behavior. The court addressed A.D.J.'s intelligence and maturity under the fourth factor, finding that A.D.J. was at times "hostile, resentful, and unable to take directions or discipline." In applying the fifth factor, the court stated that the mother is concerned that counseling had been attempted, but in essence, A.D.J. has not responded to such attempts at behavior modification. Finally, the court, in applying the sixth factor of then-current availability of programs designed to treat the juvenile behavioral problems, found that there were few available programs to treat the juvenile's problem, and that the state facilities for supervision were overburdened by the large number of cases assigned to probation officers.

After considering these six statutory factors, the district court issued its order that A.D.J. should be tried as an adult in the district court.

This court has carefully reviewed the record, and based upon this review finds that the district court's findings are not clearly erroneous. See Fed. R. Civ. P. 52(a). We find that the district court did not abuse its discretion in ordering A.D.J.'s transfer to adult court. Accordingly, the order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

7