122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DOE, juvenile, and John Doe, juvenile, Defendants-Appellants.
 Nos. 96-10349, 96-10350.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1997**
Decided Aug. 20, 1997.
 
 Appeal from the United States District Court for the District of Arizona, Nos. CR 96-00001-1-ROS, CR 96-00001-2-ROS; Roslyn O. Silver, District Judge, Presiding. Before: GOODWIN, D.W. NELSON, TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Co-defendants N.P. and M.A.C. appeal from the district court's grant of the government's motion to transfer them, pursuant to 18 U.S.C. § 5032, for trial as adults. Orders transferring juveniles to the adult court system are immediately appealable under the collateral order doctrine. See United States v. Gerald N., 900 F.2d 189, 190-91 (9th Cir.1990). We therefore have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the transfers.
 
 
 3
 The decision to transfer a juvenile to adult status is within the sound discretion of the district judge and "will not be disturbed except upon our finding an abuse of discretion." United States v. Doe, 94 F.3d 532, 536 (9th Cir.1996). In order to grant a motion to transfer, the district court must determine that trial of the defendant as an adult would be "in the interests of justice." 18 U.S.C. § 5032.
 
 
 4
 The district court must consider and make findings in the record as to each of the following six factors: (1) the juvenile's age and social background, (2) the nature of the alleged offense, (3) the prior record of the offender, (4) the juvenile's intellectual development and psychological maturity, (5) the nature of, and the juvenile's response to, past treatment, and (6) the availability of programs designed to treat the juvenile's behavioral problems. See 18 U.S.C. § 5032. "The district judge must then balance these factors in an effort to predict the possibility of rehabilitation if in fact the juvenile is found guilty of the crime alleged." Gerald N., 900 F.2d at 191 (internal quotation omitted).
 
 
 5
 For purposes of the transfer hearing, the district court may presume that the juvenile committed the charged offense. See United States v. Doe, 871 F.2d 1248, 1250 n. 1 (5th Cir.1989). It is not an abuse of discretion for the court to find one factor more compelling than the others. See United States v. Alexander, 695 F.2d 398, 401 (9th Cir.1982). "A balance must be struck somewhere and somehow between providing a rehabilitative environment for young offenders as well as protecting society from violent and dangerous individuals and providing sanctions for anti-social acts." Id. (quoting United States v. E.K., 471 F.Supp. 924, 932 (D.Or.1979)).
 
 
 6
 The government alleges that N.P. and M.A.C. committed first degree murder and dumped their victim's body near an intersection on the Salt-River Pima Maricopa Indian Community. After balancing the statutory factors, the district court found that clear and convincing evidence indicated that neither N.P. nor M.A.C. had a reasonable prospect for rehabilitation by their twenty-first birthdays. We review the district court's consideration of the § 5032 factors as to each defendant.
 
 
 7
 N.P.
 
 
 8
 Af:er considering testimony from several witnesses, the district court found that the ruthless and brutal nature of N.P's offense was due special weight. The court held that the evidence established that N.P. punched and kicked the victim to death, "bellow[ing] the name of his gang" during the beating, and eventually dumping the body on a roadside. While there was conflicting evidence about whether the victim resisted, the district court's finding that the crime was particularly heinous was not clearly erroneous. See Doe, 94 F.3d at 536. Moreover, the district court was entitled to discount N.P.'s contention that his responsibility was diminished by extreme intoxication in light of contrary testimony by witnesses and the calculation and presence of mind required to dispose of the body.
 
 
 9
 The district court's determination that N.P.'s age and social background do not bode well for his rehabilitation prospects also was not clearly erroneous. N.P. was only three-and-a-half years from his twenty-first birthday at the time of the hearing. Although his relationships with his stepfather and older brother had been troubled, he had rejected his mother's previous efforts to support and guide him in becoming a responsible adult.
 
 
 10
 Relying on In re Sealed Case, 893 F.2d 363, 368-69 (D.C.Cir.1990), N.P. contends that the district court abused its discretion in considering evidence of uncharged crimes in evaluating N.P.'s social background. We need not decide whether uncharged crimes may ever be considered in a transfer hearing because, in contrast to In re Sealed Case, 893 F.2d at 369 n. 13, there was ample evidence to support the decision to transfer N.P. without considering the uncharged crimes. See United States v. Bilbo, 19 F.3d 912, 916 (5th Cir.1994).
 
 
 11
 We reject N.P.'s contention that the district court denied him due process by taking into account that he had been transferred for adult prosecution for an assault allegedly committed less than one month before the instant offense. Because one of the primary purposes of special treatment for juveniles is to avoid the stigma and public display of adult prosecution, the district court was entitled to note that the prior transfer had already subjected N.P. to these consequences.
 
 
 12
 Finally, N.P. asserts that the district court failed to give proper consideration to his psychiatric expert's testimony regarding his prospects for rehabilitation. We disagree. Dr. Tatro testified that N.P.'s chances for rehabilitation depended upon creating an essential trusting relationship with a positive role model. He admitted that the statistics are against a positive outcome for juveniles with N.P.'s problems. The district court did not clearly err in concluding that it was unlikely that N.P. could get the kind of treatment he needed in an institutional setting, especially in light of his previous inabilities to establish trusting relationships with counselors, school teachers, and administrators.
 
 
 13
 M.A.C.
 
 
 14
 The district court did not abuse its discretion in assigning greater weight to the nature of M.A.C.'s offense and in finding that the circumstances of the ruthless and brutal murder were particularly compelling. See Gerald N., 900 F.2d at 191. One witness testified that M.A.C. gleefully described the victim's face after ten to twenty minutes of relentless punching and kicking. The court also properly considered M.A.C's planned disposal of the body when discrediting his defense of intoxication.
 
 
 15
 The court's conclusion that M.A.C.'s age and social background do not indicate a reasonable prospect for rehabilitation is supported by the evidence and thus is not clearly erroneous. M.A.C. contends that the court improperly ignored the hardships of life on the reservation that required him to join a gang. The court found, however, that M.A.C. experienced no childhood trauma or abuse, that many youths on the reservation rejected gang life, and that the evidence failed to show that M.A.C.'s gang participation was involuntary.
 
 
 16
 We also find no reversible error in the district court's consideration of crimes for which M.A.C. has not been charged because there was ample evidence supporting M.A.C.'s transfer in the absence of this evidence. See Bilbo, 19 F.3d at 916.
 
 
 17
 Nor was it error for the court to conclude that, in light of M.A.C.'s numerous juvenile offenses and failure to respond to probation and alcohol treatment, his prospects for rehabilitation were grim. M.A.C.'s own psychiatrist testified that M.A.C. required "intense psychotherapy." The district court concluded that nothing in the record established that this essential specialized treatment was available in the institutional settings of the Bureau of Prisons. It was not an abuse of discretion for the court to decide that M.A.C. was unlikely to be rehabilitated by his twenty-first birthday given the limited resources of the juvenile system and the intensity of treatment M.A.C. required.
 
 Conclusion
 
 18
 The district court's specific and detailed findings for both defendants as to each of the required factors reflect careful attention to the considerations underlying § 5032 and demonstrate that the court properly exercised its discretion in determining that the transfers were in the interests of justice.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3