124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ALFRED N., Defendant-Appellant.
 No. 97-10015.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 18, 1997.
Filed and Decided Sept. 10, 1997.
 
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding
 Before SNEED, HALL, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant, who is charged with crimes he allegedly committed in 1992 as a sixteen year-old juvenile, appeals from the district court's order transferring him to adult prosecution on charges of first degree murder and felony murder. We have jurisdiction of defendant's appeal under the collateral order exception. See United States v. Gerald N., 900 F.2d 189, 190-91 (9th Cir.1990). We review the district court's transfer order for an abuse of discretion. See United States v. Doe, 94 F.3d 532, 536 (9th Cir.1996).
 
 
 3
 The district court made the required findings under 18 U.S.C. § 5032 and decided that these factors weighed in favor of transfer to adult prosecution. We cannot conclude that the district court abused its discretion to weigh the § 5032 factors when it weighed the nature of the alleged offense, Alfred's psychological problems, and the lack of available treatment programs more heavily than the other factors. See Doe, 94 F.3d at 536-39. Given that the district court found the seriousness of the alleged offense was "almost overwhelming" by itself, and given that defendant had observable antisocial characteristics, we will not reverse based on the district court's allegedly erroneous finding that defendant suffers from antisocial personality disorder.[1]
 
 
 4
 Moreover, we are not convinced that the government's delay in bringing the underlying charges against defendant violated his due process rights by unfairly prejudicing the district court's analysis of the § 5032 factors. Defendant can neither show actual prejudice resulting from the delay nor show that the delay offends our nation's fundamental conceptions of justice. See United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992). The district court expressly stated that it would have made the same decision four years earlier.
 
 
 5
 Accordingly, the district court's order transferring defendant to adult prosecution is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In reaching this conclusion, we were mindful of our obligation to confine our review to evidence that appeared in the district court record. See Fed. R.App. P. 10(a). As a result, defendant's motion to strike the statement of facts in the government's brief is DENIED