**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**JUVENILE, Defendant—Appellant.**

**No. 06–30061.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 28, 2006.

Filed Aug. 7, 2006.

546

Lori Harper Suek, Esq., Billings, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Great Falls, MT, for Defendant–Appellant.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

MEMORANDUM *

■ J.C.D., a juvenile, appeals from the district court's order granting the government's motion to transfer him for prosecu-

* This disposition is not appropriate for publication and may not be cited to or by the courts

tion as an adult pursuant to the Federal Juvenile Delinquency Act. *See* 18 U.S.C. § 5032. This is a "final decision" appealable under the collateral order doctrine. *See United States v. Gerald N.,* 900 F.2d 189, 190 (9th Cir.1990). We accordingly have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the order and remand for reconsideration.

A juvenile aged 15 or older who is alleged to have committed an act that, if committed by an adult, would be a felony crime of violence may be transferred to face trial as an adult if the district court determines that it would be "in the interest of justice" to do so. 18 U.S.C. § 5032. The district court is required to consider several factors in making the determination:

> the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; [and] the availability of programs designed to treat the juvenile's behavioral problems.

*Id.* "A decision to transfer a juvenile to adult status is a prediction of the possibility of rehabilitation if in fact the juvenile is found guilty of the crime alleged." *United States v. Alexander,* 695 F.2d 398, 401 (9th Cir.1982). "The statute clearly intends a presumption of juvenile treatment, and the government bears the burden of establishing that transfer is warranted." *United States v. Juvenile (T.J.S.),* 451 F.3d 571, 575 (9th Cir.2006) (internal quotation marks and citation omitted).

■ In this case, the district court stated that it "must assume," for purposes of a

of this circuit except as provided by Ninth Circuit Rule 36–3.

transfer determination, that the juvenile committed the offense charged. However, we have since held that the district court's authority to assume the juvenile's guilt is permissive rather than mandatory. *T.J.S.*, 451 F.3d at 577. We continued:

> [U]nder these circumstances, and bearing in mind that the statute clearly intends a presumption of juvenile treatment, and the government bears the burden of establishing that transfer is warranted, we hold that remand is in order, so that the district court, advised that it has discretion to assume or to decline to assume the accused juvenile's guilt, will be in a position to exercise that discretion and to reexamine the statutory factors bearing on transfer in the light of the district court's full discretionary authority.

*Id.* (internal quotation marks and citation omitted).

 Pursuant to *T.J.S.*, we vacate the transfer order and remand. On remand, the district court may, but is not required to, assume J.C.D.'s guilt. Additionally, the district court should reexamine the relevant statutory factors, taking into consideration the presumption of juvenile treatment and J.C.D.'s potential for rehabilitation as described by all of the uncontested expert testimony.

**VACATED. REMANDED.**

---

[*] The Honorable Gilbert S. Merritt, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.