## UNITED STATES of America, Plaintiff–Appellee,

v.

## Juvenile MALE, Defendant–Appellant.

### No. 06–10068.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2006.*

Filed Nov. 27, 2006.

Kathleen Bliss, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Loren Graham, Esq., Lake Tahoe, NV, for Defendant–Appellant.

Before: KLEINFELD and THOMAS, Circuit Judges, and LEIGHTON **, District Judge.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

MEMORANDUM ***

Defendant, a juvenile, appeals the district court's order granting the government's motion to proceed against Defendant as an adult pursuant to 18 U.S.C. § 5032. We affirm. Because the parties are familiar with the facts and procedural history, we do not recount them here.

We have jurisdiction to hear an interlocutory appeal from a district court order granting a government motion to proceed against a juvenile as an adult. *United States v. Gerald N.*, 900 F.2d 189, 191 (9th Cir.1990) (holding that an appeal of an order to transfer meets the Supreme Court's collateral order exception, permitting interlocutory review because (1) it completely disposes of the issue in question, (2) it is totally unrelated to the merits of the case, and (3) the right asserted would be irreparably lost if the appeal were delayed until after final judgment).

We review the district court's decision to transfer a juvenile to be prosecuted as an adult for abuse of discretion. *United States v. Brandon P.*, 387 F.3d 969, 976 (9th Cir.2004). "The district court abuses its discretion when it fails to make the required ... findings or where the findings it does make are clearly erroneous." *United States v. Doe*, 94 F.3d 532, 536 (9th Cir.1996) (internal quotations omitted).

Pursuant to 18 U.S.C. § 5032, transfers may only be considered if "1) it is alleged that the juvenile committed the offense after his fifteenth birthday; 2) the offense would be a felony crime of violence if committed by an adult; and 3) it is in the interest of justice to prosecute the juvenile as an adult." *United States v. Juvenile*, 451 F.3d 571, 575 (9th Cir.2006). Because the defendant's offense was committed after his fifteenth birthday and it would be a

felony crime of violence if committed by an adult, only the third requirement is in dispute here.

Congress has established the factors that a district court must consider in determining whether transfer would be in the interests of justice. They are:

■ the age and social background of the juvenile; [2] the nature of the alleged offense; [3] the extent and nature of the juvenile's prior delinquency record; [4] the juvenile's present intellectual development and psychological maturity; [5] the nature of past treatment efforts and the juvenile's response to such efforts; [and 6] the availability of programs designed to treat the juvenile's behavioral problems. In considering the nature of the offense, as required by this paragraph, the court shall consider the extent to which the juvenile played a leadership role in an organization, or otherwise influenced other persons to take part in criminal activities, involving the use or distribution of controlled substances or firearms. Such a factor, if found to exist, shall weigh in favor of a transfer to adult status, but the absence of this factor shall not preclude such a transfer.

18 U.S.C. § 5032. "The district court must make findings with respect to each factor.... [T]he weight a court assigns each factor is within its discretion." *Brandon P.*, 387 F.3d at 977. "Transfer is proper when the risk of harm posed by affording the defendant more lenient treatment within the juvenile system outweighs the defendant's chance for rehabilitation." *Juvenile*, 451 F.3d at 575.

The district court considered the factors in the statute and properly considered, as Congress required, "the extent to which

the juvenile played a leadership role in an organization, or otherwise influenced other persons to take part in criminal activities, involving the use or distribution of controlled substances or firearms." 18 U.S.C. § 5032. Because none of its findings are clearly erroneous, the district court did not abuse its discretion.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.