# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

HOS,
            *Defendant-Appellant.*

No. 11-10115

D.C. No.
1:04-cr-05171-
AWI-3

OPINION

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted
August 6, 2012—San Francisco, California

Filed September 28, 2012

Before: Alex Kozinski, Chief Judge and
Consuelo M. Callahan, Circuit Judge, and
Edward R. Korman, Senior District Judge.*

Opinion by Judge Korman

---

*The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

## COUNSEL

Benjamin B. Wagner, United States Attorney, and Karen A. Escobar, Assistant United States Attorney, Fresno, California, for the plaintiff-appellee.

Edgar Eugene Page, Page & Page Attorneys at Law, Sacramento, California, for the defendant-appellant.

## OPINION

KORMAN, District Judge:

HOS was arrested and indicted for various offenses. He claimed that he was a juvenile when these offenses were committed. After taking evidence on this issue, the district judge held that HOS was a juvenile. This finding precluded the U.S. Attorney from proceeding against HOS as an adult, as a matter of right. It did not, however, preclude a proceeding against HOS as an adult if the district court could be persuaded that such a proceeding was in the interest of justice.

The day before the district judge made his finding that HOS was a juvenile, the U.S. Attorney filed a juvenile delinquency information and an application seeking permission of the district court to transfer the proceedings against HOS to an adult criminal prosecution. This application was granted, although it was later reversed on appeal and remanded with directions to the district court to make specific findings on the record

with respect to all of the factors set out in 18 U.S.C. § 5032 that are relevant to the "interest of justice" determination. *United States v. Juvenile Male*, 316 F. App'x 535, 536 (9th Cir. 2008). The remand also allowed for "supplementation of the record as necessary." *Id.*

On remand, the district court did not engage in the exercise for which the case had been remanded. Instead, it granted the U.S. Attorney's request to revoke its prior determination as to HOS's age based on a birth certificate the U.S. Attorney had obtained from the Mexican government that indicated that HOS was twenty-three years old at the time of the charged offenses. The district judge thus ordered that the case proceed against HOS as an adult. This appeal followed.

## I.   Jurisdiction

**[1]** In *United States v. Gerald N.*, 900 F.2d 189 (9th Cir. 1990) (per curiam), we held that we had jurisdiction to entertain an interlocutory appeal from an order transferring a juvenile for prosecution as an adult "in the interest of justice." *Id.* at 191. This was so because it came within the collateral order exception of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). *Gerald N.*, 900 F.2d at 190-91. "To fall within the limited class of final collateral orders, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.* at 190 (internal quotation marks omitted). With respect to the first and second factors, an order transferring a juvenile for adult prosecution conclusively resolves the issue of whether he would be treated as an adult, and that issue is completely separate from the merits of the proceeding. As for the third factor, we held in *Gerald N.* that juvenile status conferred "important rights [that] must be vindicated before trial or are otherwise lost forever." *Id.* at 191. These included the benefit of sealed proceedings and avoidance of incarceration in an adult penal institution. *Id.* at

190-91. The same considerations are applicable to an appeal from an order of the kind at issue here.

**[2]** Nevertheless, the government relies on *United States v. Gomez-Gomez*, 643 F.3d 463 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 466 (2011), to argue that we lack jurisdiction. This argument is based on a distinction between a transfer order "in the interest of justice," which the Sixth Circuit characterized as involving a "legal question," and an order finding that the defendant is subject to prosecution as an adult because he was over the age of eighteen when the offense was committed, which the court characterized as "a factual question." *Id.* at 470. Such factual determinations, the Sixth Circuit reasoned, are the kinds of issues "that trial judges, not appellate judges, confront almost daily." *Id.* (quoting *Johnson v. Jones*, 515 U.S. 304, 316 (1995)). Thus, "interlocutory appeals are less likely to bring important error-correcting benefits here than where purely legal matters are at issue." *Id.* (quoting *Johnson*, 515 U.S. at 316). Moreover, "[r]esolving such a factual controversy may require reviewing an extensive pretrial record and lead to greater delay than resolving a purely legal issue." *Id.*

**[3]** We are not persuaded by the government's argument. While it is true that the issue of the defendant's age is a factual one, that very issue may also arise in the context of determining the so-called legal question of whether the case should be transferred "in the interest of justice." Indeed, that factor and almost all of the other factors that must be taken into consideration in an "interest of justice" determination involve factual issues and potential factual disputes. *See* 18 U.S.C. § 5032 (listing the juvenile's age and social background as the first of six relevant factors). Thus, in *Gerald N.*, which involved an "interest of justice" determination, the district court made a specific finding that the juvenile "was seventeen years and ten months of age at the time the offense was alleged to have been committed," and we reviewed the record and determined that this finding, and each of the district

judge's other findings, were "fully supported either by the witness's testimony or by exhibits properly admitted into evidence." 900 F.2d at 191. We, therefore, decline to draw the distinction on which the holding in *Gomez-Gomez* turned.

## II.   The Merits

**[4]** We reject HOS's argument that the government was precluded from re-litigating the issue of his age. The transfer order appealed from was entered in the same criminal proceeding as the initial order. A final judgment has not been entered on the issue of whether HOS was guilty of the charges filed against him. Indeed, even the initial determination of HOS's age failed to finally resolve the issue of whether he could be treated as an adult, because the U.S. Attorney was free to seek a transfer for adult prosecution in the interest of justice. The district judge, therefore, had the discretion to reconsider his earlier ruling, even if it constituted the law of the case. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (per curiam) ("A judge may reexamine his earlier ruling . . . if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it." (alteration in original) (quoting *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995))).

**[5]** On the basis of the record before us, we cannot conclude that the district judge abused his discretion here or that his finding of fact that HOS was an adult was clearly erroneous. The evidence on which the district judge relied included admissions that HOS himself had made on almost half a dozen occasions when he was stopped by Immigration and Customs Enforcement and border patrol officers in addition to the official birth certificate that the U.S. Attorney acquired from Mexico, pursuant to the Mutual Legal Assistance Treaty. Nor are we persuaded that the defendant was prejudiced by the alleged delay in obtaining the official birth certificate. Indeed, the U.S. Attorney stipulated that HOS's parents, who

allegedly could not be located, would testify that HOS was a juvenile at the time of the charged offenses.

We, therefore, affirm the order of the district court.

**AFFIRMED.**