**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

JUVENILE MALE,
            *Defendant-Appellant.*

No. 06-30587

D.C. No.
CR-05-00025-2-
SEH

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
June 8, 2007—Seattle, Washington

Filed July 5, 2007

Before: Betty B. Fletcher and Harry Pregerson,
Circuit Judges, and James V. Selna,* District Judge.

Per Curiam Opinion

---

*The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

**COUNSEL**

David F. Ness, Assistant Federal Defender, Federal Defenders of Montana, Great Falls, Montana, for the appellant.

Carl E. Rostad, Assistant U.S. Attorney, Great Falls, Montana, for the appellee.

**OPINION**

PER CURIAM:

In February 2005, the defendant-appellant ("defendant") was charged with "engaging in an act of juvenile delinquency by committing second degree murder." He was fifteen years and eleven months old at the time of the incident, and was eighteen years and seven months old when proceedings commenced.

In May 2005, the government moved to have the proceedings transferred to adult criminal prosecution pursuant to the

Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C. § 5032. The government also filed a motion for observation and study, requesting that the defendant be committed to the custody of the Attorney General for a psychological examination, pursuant to 18 U.S.C. § 5037(e), to assist the court in determining whether he should be transferred to adult status. The district court granted the latter motion and ordered the defendant to undergo an evaluation in accordance with the factors listed in 18 U.S.C. § 5032. The defendant was transferred to the Dakota Horizons Youth Center, a division of the Southwest Multi-County Correction Center, on June 10, 2005. Upon completion of the evaluation, a report ("Dakota Horizons Report") was filed with the district court detailing the experts' observations and conclusions.

In December 2005, following receipt of the Dakota Horizons Report, the district court held a hearing on the motion to transfer. The government presented the testimony of an FBI agent who had investigated the case. On December 15, 2005, the district court granted the government's motion to transfer the case.

The defense filed a notice of interlocutory appeal. In August 2006, this court remanded because the district court had improperly concluded that it was required to assume, for purposes of a transfer determination, that the juvenile committed the offense charged in the information. *United States v. Juvenile Male*, No. 06-30038 (citing *United States v. Juvenile*, 451 F.3d 571 (9th Cir. 2006) (holding that assumption of the defendant's guilt is within the court's discretion, but is not mandatory)).

On remand, the district court exercised its discretion to assume that the defendant committed the offense. The court then "readopted and restated" its original findings of fact, as well as its original conclusions of law, save the statement that the assumption of the defendant's guilt was mandatory.

The defendant now appeals from that amended decision. We have jurisdiction to hear this interlocutory appeal, *see United States v. Gerald N.*, 900 F.2d 189, 191 (9th Cir. 1990), and we review the district court's decision for abuse of discretion. *See United States v. Brandon P.*, 387 F.3d 969, 976 (9th Cir. 2004). As we have previously held, the district court abuses its discretion when it fails to make the findings required by § 5032 or when the findings it does make are clearly erroneous. *United States v. Doe*, 94 F.3d 532, 536 (9th Cir. 1996).

I.

**[1]** Under the FJDA, 18 U.S.C. § 5031 et seq., a juvenile who is fifteen years old or older and who is alleged to have committed an act which, if committed by an adult would be a felony that is a crime of violence, may be proceeded against as an adult if the district court determines that it would be "in the interest of justice" to do so. 18 U.S.C. § 5032; *see Brandon P.*, 387 F.3d at 976. "The government has the burden of establishing that prosecution as an adult is warranted." *Doe*, 94 F.3d at 536; *see Brandon P.*, 387 F.3d at 977.

**[2]** In this case, there is no question that the first two prerequisites for transfer under 18 U.S.C. § 5032 are met: (1) defendant was over fifteen years old at the time of the second-degree murder for which he was charged, and (2) the crime, if committed by an adult, would be a felony that is a crime of violence. Only the third requirement of § 5032—that transfer be "in the interest of justice"—is in dispute.

**[3]** Congress has established six factors that a district court must consider to determine whether transfer would serve the interest of justice:

(1)   the age and social background of the juvenile;

(2)   the nature of the alleged offense;

(3)    the extent and nature of the juvenile's prior delinquency record;

(4)    the juvenile's present intellectual development and psychological maturity;

(5)    the nature of past treatment efforts and the juvenile's response to such efforts;

(6)    the availability of programs designed to treat the juvenile's behavioral problems.

18 U.S.C. § 5032.

## II.

**[4]** As required by § 5032, the district court considered each of the six factors and made findings on the record. *Cf. Brandon P.*, 387 F.3d at 977. We find that the court made a clearly erroneous finding with regard to the defendant's social background: the district court's determination that the defendant experienced "no domestic violence . . . while living with his grandparents" is contrary to the evidence of record.[1]

**[5]** In addition, in describing the defendant's social background, the district court compared the defendant to other Native American youths.[2] This comparison was not based on information in the record and did not assist in the individual-

---

[1]We also note that the court made no mention of his mother's problems with alcohol and drugs, nor any of the episodes of violence the defendant experienced or witnessed as a child—which included the shooting of his grandfather in the throat, the shooting of his uncle with a gunshot, and the shooting death of his cousin.

[2]The district court concluded that the defendant's "social background in many ways [wa]s not markedly different from that of hundreds of other youngsters who grow up on Montana's Native American reservations, and who never resort to violent and destructive behavior of the sort disclosed by the record in this case."

ized assessment of the juvenile's unique circumstances required by the FJDA. *Cf. United States v. Juvenile*, 347 F.3d 778, 787 (9th Cir. 2003) (stating that the FJDA "requires an assessment of the totality of the unique circumstances and rehabilitative needs of each juvenile").[3]

**[6]** Finally, the district court was required under § 5032 to make specific findings about "the availability of programs designed to treat the juvenile's behavioral problems." The district court found that the Bureau of Prisons has a juvenile facility in Montana that offers an educational program and skills training, as well as substance abuse and anger management treatment. The court also stated that "[s]imilar educational and treatment programs are available at adult facilities." This finding was not based on facts in the record; rather the court took "judicial notice" of the availability of such programs. We need not determine whether it was appropriate for the court to make such a finding on the basis of "judicial notice,"[4] as the defendant has not properly raised this argument on appeal.

We find no merit in defendant's arguments challenging other aspects of the district court's analysis.

---

[3]Because of the structure of the FJDA, Native American youth are disproportionately subject to federal court jurisdiction for their delinquency offenses. This court has therefore noted that a defendant's status as Native American may merit special consideration. *Juvenile*, 347 F.3d at 789 n.10 (9th Cir. 2003) (holding that consideration should have been given to the ways in which a particular placement would distance a Native American youth from his family and tribe, and noting more generally that district courts "should give due consideration to the unique concerns and needs" of Native American youth). However, this court has never suggested that group-based comparisons of the sort engaged in by the district court below are appropriate when evaluating a juvenile's social background. We do not believe such a comparison is relevant to the § 5032 inquiry.

[4]While before the district court defendant's counsel agreed with the government as to the availability of appropriate youth facilities, but objected to the the claim that adequate rehabilitation programs were available at adult facilities.

### III.

**[7]** Because we find that the district court made findings that were clearly erroneous, we vacate the district court's ruling and remand for further proceedings.

VACATED AND REMANDED.