**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**JUVENILE MALE, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Juvenile Male, Defendant–Appellant.**

**Nos. 06–30563, 06–30626.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 3, 2007.*

Filed Aug. 7, 2007.

---

* This panel unanimously finds this case suit-   able for decision without oral argument. *See*

Lori Harper Suek, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Two juvenile criminal defendants, J.C.D. and T.J.S., challenge the district court's orders transferring them from juvenile to adult status. We vacate both transfer orders and remand for further proceedings.

### I.

■ In its order transferring J.C.D., the district court abused its discretion by making two clearly erroneous material findings of fact. First, the district court found that "[t]here is no record of abuse while [J.C.D. was] in foster care." This is contrary to the evidence in the record. Dr. Beyer's psychological evaluation states that J.C.D.'s mother "reported that he was also molested in a foster home." Furthermore, J.C.D.'s mother testified in her deposition that J.C.D.'s older brother, Adam, had sexually abused J.C.D. while the two were living in foster care with their uncle, Pete. Likewise, J.C.D.'s mother admitted that

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

she would often bring her children home for visits while they were in foster care and that her boyfriend would sexually abuse J.C.D. on those visits. *Accord United States v. Male*, 492 F.3d 1046 (9th Cir.2007) (per curiam) (finding clear error when record evidence contradicted the district court's finding that the juvenile suffered no domestic violence while living with his grandparents).

Second, the district court found that "[t]hree of the persons who examined [J.C.D.] at Dakota Horizons Youth Center ... offered no opinions or predictions as to prospects for rehabilitation." This was clearly erroneous; all three experts the district court mentioned testified at the transfer hearing that they believed J.C.D. could be rehabilitated. Even the government's proposed "Findings of Fact" acknowledged that "[t]he experts agree that J.C.D. has strong potential for rehabilitation and education." The district court's summary dismissal of the experts' opinions—experts that the court itself appointed to evaluate J.C.D.'s prospects for rehabilitation—cannot be reconciled with those experts' unanimous conclusion that J.C.D. can be rehabilitated. *See United States v. Juvenile*, 451 F.3d 571, 575 (9th Cir.2006) (the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031 *et seq.*, "clearly intends a presumption of juvenile treatment" (quoting *United States v. A.R.*, 38 F.3d 699, 706 (3d Cir.1994))); *cf. United States v. Juvenile*, 347 F.3d 778, 787 (9th Cir.2003) (a disposition under the Federal Juvenile Delinquency Act must be "the least restrictive means to accomplish a young person's rehabilitation").

## II.

As for T.J.S., the government argues that the law of the case doctrine precludes us from addressing the factual findings of the district court. We reject that argument. Although a prior Ninth Circuit panel upheld certain of the district court's factual findings in T.J.S.'s transfer order, and other findings were not challenged on that appeal, *see Juvenile*, 451 F.3d at 575, we have discretion to depart from the law of the case under certain circumstances.[1] In this case, it would be "manifestly unjust" to overlook the errors in one defendant's transfer order when those same errors constituted abuse of discretion in the transfer orders of similarly-situated defendants. *See Walter v. United States*, 969 F.2d 814, 817 (9th Cir. 1992) ("Fundamental fairness requires that like cases be treated alike."); *cf. United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992); *United States v. Olano*, 934 F.2d 1425, 1439 (9th Cir.1991).

In comparing T.J.S. to other Native American youths, the district court made the identical finding that the *Male* court found was clearly erroneous. *Male*, 492 F.3d at 1048–49.[2] Additionally, in T.J.S.'s transfer order, the district court made the same finding regarding the availability of treatment programs at adult facilities that the district court made in J.C.D.'s appeal and that the *Male* court

---

1. Those circumstances are: "where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997).

2. Specifically, the district court in the *Male* case and in T.J.S.'s appeal found that the defendants' "social background in many ways is not markedly different from that of hundreds of other youngsters who grow up on Montana's Native American reservations, and who never resort to violent and destructive behavior of the sort disclosed by the record in this case." *See id.* at 1049 n. 2.

did not hold to be clear error but did find was "not based on facts in the record." *Id.* We hold that these errors were prejudicial and sufficient to constitute abuse of discretion.

We find no merit in T.J.S.'s other arguments on appeal. His due process and *Apprendi* claims are barred by the law of the case doctrine and no exceptions are applicable with respect to those claims, which, in any case, were rightly decided in the first appeal. Moreover, the district court properly interpreted and applied the prior panel's remand order and did not abuse its discretion in assuming T.J.S.'s guilt. *See Juvenile,* 451 F.3d at 576.

Accordingly, the district court's transfer orders with respect to both defendants J.C.D. and T.J.S. are hereby VACATED and their cases REMANDED for further proceedings. This panel will retain jurisdiction over any future appellate proceedings in this matter.

**VACATED and REMANDED.**