**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**JUVENILE MALE, Defendant–Appellant.**

No. 07–30473.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Oct. 29, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: SILVERMAN, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM *

Defendant, a now twenty-two-year-old male charged with an act of juvenile delinquency allegedly committed when he was fifteen, appeals the district court's order transferring him for prosecution as an adult pursuant to the Federal Juvenile Delinquency Act, 18 U.S.C. § 5032. We have jurisdiction and review for abuse of discretion. *United States v. Gerald N.,* 900 F.2d 189, 190 (9th Cir.1990); *United States v. Brandon P.,* 387 F.3d 969, 976 (9th Cir. 2004). We affirm.

Defendant argues that the district court abused its discretion when it found that there was no meaningful probability that he could ever be rehabilitated. This court has already considered, and rejected, the vast majority of his arguments on a prior appeal. *See United States v. Juvenile Male,* 492 F.3d 1046, 1049 (9th Cir. 2007) ("[w]e find no merit in defendant's arguments challenging other aspects of the district court's analysis"). We decline to reconsider these issues under the law of the case doctrine. *See United States v. Bad Marriage,* 439 F.3d 534, 538 (9th Cir. 2006).

Defendant's argument that the district court abused its discretion by reopening the record on remand to consider available treatment programs is not barred by the law of the case. *United States v. Thrasher,* 483 F.3d 977, 981 (9th Cir.2007) ("[f]or [the law of the case] doctrine to apply, the issue in question must have been decided explicitly or by necessary

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

implication in the previous disposition") (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993)). *Juvenile Male* did not *require* the district court to reopen the record to hear additional evidence on available treatment programs. However, because the district court concluded that even "the most conscientiously-administered rehabilitation programs" could not outweigh the public safety risk in treating the defendant as a juvenile, we need not reach the issue of whether the district court erred by reopening the record. *See United States v. Juvenile*, 451 F.3d 571, 575 (9th Cir.2006), *overruled on other grounds by United States v. Juvenile Male*, 245 F. App'x 597 (9th Cir.2007). The district court did not abuse its discretion by ordering the defendant's transfer based on the determination that the defendant cannot be successfully rehabilitated. As a result, we do not reach the defendant's challenges to the Bureau of Prisons' placement practices.

AFFIRMED.