**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

J.J., JUVENILE MALE,
*Defendant-Appellant*.

No. 12-30206

D.C. No.
3:11-cr-00442-
BR-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
November 9, 2012—San Francisco, California

Filed January 9, 2013

Before: Ronald M. Gould and Milan D. Smith, Jr.,
Circuit Judges, and Kevin T. Duffy, District Judge.[*]

Opinion by Judge Gould

---

[*] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed the district court's order granting the government's motion to transfer juvenile proceedings for adult prosecution under 18 U.S.C. § 5032 in a case in which the defendant is charged with second-degree murder and using a firearm during a crime of violence.

Agreeing with sister circuits that a psychological evaluation is not a prerequisite to approving a transfer motion, the panel held that the district court did not abuse its discretion in making a finding about the defendant's intellectual development by relying solely on lay-witness testimony.  The panel also held that although the district court did not explicitly address the staff-to-offender ratio or specific counseling programs, the district court did not abuse its discretion in making findings about the treatment programs available at adult and juvenile facilities where the defendant might serve any sentence imposed.

The panel wrote that the district court consistently presumed for purposes of the transfer decision that the defendant would be convicted of one or both charges, and that the presumption of guilt for this purpose does not violate the defendant's due-process rights.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Steven J. Sherlag (argued), The Law Office of Steven J. Sherlag, PC, Portland, Oregon, for Defendant-Appellant.

S. Amanda Marshall, United States Attorney for the District of Oregon; Kelly A. Zusman (argued), Assistant United States Attorney, Chief, Appellate Division, Office of the United States Attorney, Portland, Oregon, for Plaintiff-Appellee.

## OPINION

GOULD, Circuit Judge:

Defendant J.J., a juvenile male, is charged with second-degree murder and using a firearm during a crime of violence. He appeals the district court's order granting the government's motion to transfer juvenile proceedings for adult prosecution under 18 U.S.C. § 5032. Because the district court did not abuse its discretion and did not violate Defendant's due-process rights, we affirm.

**I**

Defendant is charged with second-degree murder in violation of 18 U.S.C. §§ 1111, 1153, and 5032 and using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c) and 5032. Defendant was seventeen years old at the time of the alleged offenses. The government filed a motion to transfer under 18 U.S.C. § 5032 and a motion to compel a psychological exam. Defendant opposed both

motions. The district court held an evidentiary hearing on the transfer motion.[1]

At the hearing, the investigating police detective testified that Defendant was calm and unemotional during most of the detective's interactions with him and that Defendant appeared to track conversations and understand questions. The detective also testified that he has interacted with "a lot" of people in their late teens and early twenties and that he found Defendant's behavior, interactions, and maturity typical of that age group. Defendant did not seem immature for his age or appear to suffer from mental-health problems.

Three other witnesses echoed the detective's testimony. A pretrial services officer testified that Defendant's maturity level appeared "typical" of young-adult offenders and that Defendant did not seem immature for his age. A probation officer testified that Defendant did not have any trouble answering questions and that Defendant was no less mature than other individuals in their late teens and early twenties that the officer had interviewed. Finally, a manager of a juvenile detention center testified that Defendant's intellectual development and maturity level were normal for

---

[1] Because the record and briefs are filed under seal, only facts relevant to our decision are discussed here. In addition to the evidence presented in this opinion, the district court heard evidence on Defendant's age and social background, the nature of the alleged offense, Defendant's prior delinquency record, and Defendant's past treatment efforts and his response to such efforts.

his age range and similar to other youth with whom the manager had interacted.[2]

Darryl Cash, a contract-oversight specialist with the Federal Bureau of Prisons, also testified at the hearing. He testified that the juvenile and adult facilities where Defendant would likely serve his sentence offer a wide variety of programs that are essentially the same in type. He further testified that there are more expansive educational programs at the adult facilities, but that the programs are mandatory at juvenile facilities. If Defendant were transferred for prosecution as an adult and convicted, Cash pointed out that Defendant would only move to an adult facility after completing his current juvenile sentence. Defendant would be about twenty years old at that time. Conversely, if treated as a juvenile, Defendant would still be transferred to an adult facility when he turns twenty-one years old.

Probation Officer Matthew Preuitt testified that numerous post-custody supervision programs are available for both juveniles and adults. If Defendant were convicted of the alleged offenses as an adult, Preuitt would recommend five years of supervised release after any term of imprisonment to provide Defendant with adequate treatment resources to stop the behaviors in which Defendant has engaged while on supervised release in the past. Moreover, Preuitt testified that five years of supervised release would be the minimum necessary to monitor Defendant's conduct in the community and to ensure community safety. Finally, Preuitt testified that

---

[2] Although not discussed in the district court's findings of fact, the record before the court also included testimony from a shift supervisor at Defendant's former juvenile detention facility, Defendant's prior pre-disposition investigation report, and Defendant's school records.

a total of five years for custody and supervision combined—the maximum sentence if Defendant were adjudicated as a juvenile—would likely not be long enough based on his experience working with high-risk offenders like Defendant.

In reviewing the evidence and making its findings of fact, the district court presumed Defendant "will be adjudicated guilty of one or both of the charged offenses." The court made findings on all six factors in § 5032 and determined that a transfer was in the interest of justice. The court granted the motion to transfer and denied the motion to compel a psychological exam as unnecessary given the evidence already in the record. Defendant now appeals the district court's order, contending that the district court abused its discretion in making the required findings and violated his due-process rights.

## II

We have jurisdiction to review the transfer order because the district court's decision is immediately appealable under the collateral order exception. *See United States v. Gerald N.*, 900 F.2d 189, 191 (9th Cir. 1990) (per curiam). We review the order for abuse of discretion. *United States v. Brandon P.*, 387 F.3d 969, 976 (9th Cir. 2004). The district court abuses its discretion if it applies the wrong legal rule or if its application of the rule was illogical, implausible, or without support in inferences that may be drawn from facts in the

record.  *See United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc).[3]

### III

Under the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 *et seq.*, a juvenile who is fifteen years old or older and who is alleged to have committed an act which, if committed by an adult, would be a felony crime of violence may be prosecuted as an adult if the district court determines that it would be "in the interest of justice" to do so.  18 U.S.C. § 5032 (2006); *see Brandon P.*, 387 F.3d at 976.  "The government has the burden of establishing that prosecution as an adult is warranted."  *United States v. Doe*, 94 F.3d 532, 536 (9th Cir. 1996); *see Brandon P.*, 387 F.3d at 977.

In this case, there is no question that the first two requirements for transfer are met: (1) Defendant was seventeen years old at the time of the alleged criminal acts, and (2) second-degree murder, if committed by an adult, would be a felony crime of violence.  Only the third requirement of § 5032—that transfer be "in the interest of justice"—is in dispute.

---

[3] In *Hinkson*, we adopted a two-part test for abuse of discretion in the context of denial of a new trial.  585 F.3d at 1261–62.  This abuse of discretion test has not yet been applied in reviewing a transfer order under § 5032.  Here, we assume without deciding that *Hinkson* applies because the district court did not abuse its discretion whether judged under the *Hinkson* standard or antecedent formulations of abuse of discretion in this context.  *See United States v. Doe*, 94 F.3d 532, 536 (9th Cir. 1996) (holding that a district court abuses its discretion when it fails to make the required findings or where the findings it does make are clearly erroneous).

Congress has established six factors that a district court must consider to determine whether transfer would serve the interest of justice:

> the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; [and] the availability of programs designed to treat the juvenile's behavioral problems.

18 U.S.C. § 5032; *see United States v. Juvenile Male*, 492 F.3d 1046, 1048 (9th Cir. 2007) (per curiam).  The district court must make findings on all factors, but the court need not specify whether each factor supports transfer.  *Doe*, 94 F.3d at 537.  The court has discretion on how to weigh the factors.  *Id.* at 536.  Defendant challenges two of the district court's findings.

Defendant contends that the district court did not make adequate findings on his intellectual development and psychological maturity.  Defendant asserts that the testimony of lay witnesses who spent limited time with Defendant is not sufficient evidence for the district court to assess his psychological maturity.   Defendant points out that all witnesses admitted that they did not have mental health training and did not use psychological assessment tools.[4]

---

[4] Defendant's argument against the sufficiency of lay-witness testimony is undermined in part because Defendant prevented the government from

The district court did not abuse its discretion because the district court applied the correct legal rule—that is, made the required finding—and the finding was not illogical, implausible, or without support from facts in the record. In assessing Defendant's intellectual development and psychological maturity, the district court relied on the testimony of witnesses who directly observed and interacted with Defendant. All the witnesses testified that Defendant appeared to be of average intelligence and had the maturity typical of someone in his late teens. No record evidence contradicted this testimony. And the district court found this testimony sufficient to make the required finding about Defendant's intellectual development and psychological maturity.

The testimony was properly admitted under Federal Rule of Evidence 701. The witnesses all testified about their perceptions of Defendant without basing their opinions on scientific, technical, or other specialized knowledge. The district court found this testimony helpful in determining a fact in issue.

Moreover, § 5032 does not require a psychological evaluation before the district court may decide a transfer motion. *United States v. Leon D.M.*, 132 F.3d 583, 590–91 (10th Cir. 1997). The statute does not specify how the district court should assess psychological characteristics. The district court has considerable discretion to decide whether a particular behavior reflects intellectual development and psychological maturity or a lack thereof. *Id*.; *see also United*

introducing expert testimony for this very purpose by opposing the government's motion to compel a psychological exam.

*States v. A.R.*, 203 F.3d 955, 961 (6th Cir. 2000) (following *Leon D.M.*).

We agree with the conclusions of our sister circuits that a psychological evaluation is not a prerequisite to approving a transfer motion. Decisions such as *United States v. Leon D.M.* and *United States v. A.R.* are consistent with our more general precedent. We have recognized the importance of giving the district court broad discretion in transfer proceedings, *see United States v. Alexander*, 695 F.2d 398, 400 (9th Cir. 1982), and have affirmed transfer orders approved by courts that relied on lay-witness observations of a defendant's intellectual and psychological development, *see, e.g.*, *id.* at 400 n.3 (affirming a transfer order where the district court relied on the testimony of a school principal). Even where a defendant presents expert testimony, the district court can reject an expert's conclusions based on other evidence in the record. *See, e.g.*, *Brandon P.*, 387 F.3d at 977 (affirming a transfer order where the district court rejected a psychological expert's conclusions based in part on police-officer testimony that cast doubt on test results). We hold that the district court did not abuse its discretion in making the finding about Defendant's intellectual development by relying solely on lay-witness testimony.

Defendant also contends that the district court abused its discretion by not making a finding about the alleged discrepancy in individualized attention and counseling programs when comparing the adult and juvenile detention systems. But the district court did not abuse its discretion. The district court made extensive findings about the treatment programs available at adult and juvenile facilities where Defendant might serve any sentence imposed. Nothing in the record contradicts these findings. And, as noted above, the

district court has broad discretion in how to assess the § 5032 factors. Here, in determining the availability of treatment programs, the court considered the types of programs available, how expansive the offerings are, whether the programs are mandatory, and the length of time that the court could require Defendant to participate in the programs. Although the court did not explicitly address the staff-to-offender ratio or specific counseling programs, this does not mean that the court abused its discretion. We reject the challenges to the district court's findings, which were not an abuse of discretion.

## IV

Defendant also contends that the district court violated his due-process rights by inconsistently presuming his guilt. Defendant's characterization is factually incorrect. The court permissibly and consistently presumed that Defendant "will be adjudicated guilty of one or both of the charged offenses." *See Juvenile Male*, 492 F.3d at 1048 (citations omitted). The district court acknowledged that 18 U.S.C. § 924(c) requires a mandatory minimum sentence of ten years and that any sentence for second-degree murder "will be significant." But the district court recognized that the parties could "resolve this matter by agreeing to only the second-degree murder charge or lesser charges." The district court did not speculate as to the exact sentence that would be imposed if Defendant was convicted of one or both crimes, noting the discretion that a district court judge has when imposing sentence and the need to consider the 18 U.S.C. § 3553(a) factors at sentencing. All of the district court's analysis consistently presumes for purposes of the transfer decision that Defendant would be convicted of one or both charges. The district

court's presumption of guilt for this purpose does not violate Defendant's due-process rights.  *See Juvenile Male*, 492 F.3d at 1048.

**AFFIRMED.**