NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-55537 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:15-cv-07683-SJO 2:10-cr-00923-SJO-42 |
| MARQUIS TRAVELL EDWARDS, AKA Baby Uzi, AKA Marquis Edwards, AKA JJ, AKA Oozie, AKA Seal A, AKA Uzi, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted April 10, 2019**
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,*** District Judge.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

***       The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Marquis Edwards appeals the denial of his motion for relief from his conviction under 28 U.S.C. § 2255. We granted a certificate of appealability (COA) as to one issue: whether Edwards' counsel was ineffective for failing to file a motion to dismiss the indictment due to pre-indictment delay. However, in his opening brief, Edwards makes two additional arguments: (1) that his counsel was ineffective for not moving to dismiss the indictment because it charged only acts committed when he was a juvenile, and (2) that the district court abused its discretion in failing to order discovery as to Edwards' claim of pre-indictment delay. While Edwards failed to properly designate these issues as uncertified, we will treat Edwards' inclusion of these issues as a motion to expand the COA. *See Schardt v. Payne*, 414 F.3d 1025, 1032 (9th Cir. 2005).

We review *de novo* the district court's denial of a section 2255 motion and review its denial of an evidentiary hearing for abuse of discretion. *United States v. Olsen*, 704 F.3d 1172, 1178 (9th Cir. 2013). We review motions to expand a COA by the same standard as initial motions to obtain a COA: the habeas petitioner's assertion of the claim must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). For the reasons below, we affirm the district court in full and deny the motion to expand the COA.

I.      Ineffective Assistance of Counsel

2

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct falls within "the wide range of reasonable professional assistance." *Id.* at 689-90.

Edwards pled guilty to one count of engaging in a racketeering conspiracy related to his role in the Pueblo Bishops Bloods, a Los Angeles street gang, which included as overt acts Edwards' participation in two murders committed while he was a minor. Edwards argues that his counsel was ineffective for failing to move to dismiss the indictment on the ground of pre-indictment delay, which would have required making a showing that: (1) he suffered "actual, non-speculative prejudice from the delay" and (2) "the length of the delay, when balanced against the reason for the delay,…offend[s]… fundamental conceptions of justice[.]" *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992) (internal quotation marks omitted). "[E]stablishing prejudice is a heavy burden that is rarely met." *United States v. De Jesus Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (internal quotation marks omitted).

Edwards argues that he was prejudiced by the delay because, had he been indicted before he turned 21 years old, the Juvenile Delinquency Act (JDA), 18 U.S.C. § 5031 *et. seq.*, would have applied and the Government would not have

proceeded against him as an adult. However, the JDA permits the Government to seek certification from the Attorney General to proceed against juveniles who are 15 years old or older as adults when "the offense charged is a crime of violence that is a felony" and the district court determines that it would be "in the interest of justice" to do so, a determination made based on an assessment of six factors including the age of the individual and the nature of the alleged offense. 18 U.S.C. § 5032; *United States v. Juvenile Male*, 492 F.3d 1046, 1048 (9th Cir. 2007). Edwards was charged with crimes of violence – murder and attempted murder – committed when he was 16 and 17 years old, close to majority, factors weighing heavily against denying certification. While it would have been the Government's burden to establish that transfer to adult status was warranted under the JDA, it would have been Edwards' burden to show that he was actually prejudiced by the delay and, given the likelihood of certification, Edwards appears unable to make this showing. Moreover, beyond summary statements that the Government delayed indictment to gain a tactical advantage, Edwards has offered nothing to suggest that the delay in his indictment is attributable to anything beyond the time required to investigate and establish a large-scale, wide-ranging racketeering case. Given that Edwards does not appear to have been able to make the required showing for a motion to dismiss due to pre-indictment delay – a motion that is very rarely

granted – Edwards' counsel was not deficient in failing to file such a motion, and this failure did not prejudice Edwards.

II.    Motion to Expand the COA

Edwards fails to make a substantial showing of the denial of a constitutional right as to either of the additional claims that he proposes for consideration in this appeal. Edwards' argument that his counsel was ineffective in failing to move to dismiss the indictment on the ground that it failed to state an offense because it charged him only with acts committed as a juvenile rests entirely on case law interpreting the JDA. As this Court has previously held, the JDA did not apply to Edwards as he was indicted after he turned 21, and, accordingly, there was no applicable requirement for a post-majority ratifying act. As this argument is meritless, counsel was not ineffective for failing to raise it.

A habeas petitioner "is not entitled to discovery as a matter of ordinary course[,]" but only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy v. Gramley*, 520 U.S. 899, 904, 908-09 (1997). The district court properly denied Edwards' request for discovery as to the cause of the Government's pre-indictment delay as moot because it found that Edwards could not make the requisite showing that he suffered actual prejudice due to the delay.

5

Accordingly, the motion to expand the COA is denied.

**AFFIRMED.**